UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                                           Case No. 18-cr-75 (JNE/TNL) (3)
                                                                          ORDER

Maurice Jerry Johnson,

      Defendant.

      This case is before the Court on Defendant's pro se motion for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant sought "a sentence reduction/modification to time-served, or a term of probation equal to the remainder of his sentence, to be served at his home, where he would be safer from the covid pandemic than he is at FMC Rochester in Minnesota, where he currently resides." The United States opposed his motion. For the reasons set forth below, the Court denies it.

      In May 2018, a grand jury charged Defendant with conspiring to possess firearms in furtherance of a drug trafficking crime, conspiring to distribute controlled substances, distributing controlled substances, and using a firearm during and in relation to a drug trafficking crime. In August 2018, he pleaded guilty to using a firearm during and in relation to a drug trafficking crime. Approximately three months later, the Court sentenced Defendant to the mandatory minimum of 60 months' imprisonment. In early 2021, Defendant moved to reduce his sentence under § 3582(c)(1)(A)(i).

      "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited

circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Exceptions to the general rule that a court "may not modify a term of imprisonment once it has been imposed" appear in 18 U.S.C. § 3582(c), which states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Vangh*, 990 F.3d 1138, 1139-40 (8th Cir. 2021).

Defendant asserted that he satisfied the exhaustion requirement, that the Court "has the authority to independently assess whether there are 'extraordinary and compelling reasons' to reduce [his] sentence," that there are extraordinary and compelling reasons to reduce his sentence, and that "the § 3553(a) factors support the modified sentence that [he] requests here." Defendant maintained that extraordinary and compelling reasons exist to reduce his sentence because his medical conditions—sleep apnea and a body mass index "of at least 35"—"make him uniquely susceptible to serious illness or death if infected by covid-19" and because he "faces a serious risk of exposure"

to COVID-19 if he remains at the federal medical center where he is serving his sentence. He also noted that he "already [had] the virus and the disease."

The United States did not contest whether Defendant satisfied the exhaustion requirement. Recognizing that Defendant "is considered 'obese'" because he has a body mass index of 33.9, the United States "agree[d] that he has identified an 'extraordinary and compelling reason.'"[1] The United States maintained that, "[u]nder the applicable policy statement, the Court must deny a sentence reduction unless it determines the Defendant 'is not a danger to the safety of any other person or to the community.'"[2] According to the United States, Defendant "would pose a danger to public safety if released." The United States also argued that "the § 3553(a) factors strongly disfavor a sentence reduction."

According to the Centers for Disease Control and Prevention, obesity can make an individual more likely to become severely ill from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra

---

[1] The United States' concession that Defendant demonstrated extraordinary and compelling reasons for a sentence reduction includes information about a defendant in a separate case. The Court disregards the irrelevant information, which appears to have been imported in a cut-and-paste procedure.

[2] Several circuits concluded that the Sentencing Commission's policy statement regarding reduction of a term of imprisonment under § 3582(c)(1)(A), U.S.S.G. § 1B1.13, is not an applicable policy statement in cases where defendants move for compassionate release under the First Step Act. *E.g.*, *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). The Eleventh Circuit recently held that section "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)." *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021). The Eighth Circuit has not resolved the issue. *See Vangh*, 990 F.3d at 1141 n.3.

-precautions/people-with-medical-conditions.html (updated May 13, 2021).  Defendant contracted the disease, and he recovered.  The Centers for Disease Control and Prevention states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare."  *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020).  According to the Bureau of Prisons, there is one confirmed active case of COVID-19 at the federal medical center where Defendant is serving his sentence.  *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 18, 2021).  Notwithstanding the United States' concession, the Court concludes that Defendant has not demonstrated extraordinary and compelling reasons for a sentence reduction.

In addition, any sentence reduction would not be consistent with the § 3553(a) factors.  Defendant pleaded guilty to using a firearm during and in relation to a drug trafficking crime.  The Court imposed the mandatory minimum.  The Court denies Defendant's motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for a sentence reduction [Docket No. 331] is DENIED.

Dated: May 18, 2021

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge